Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL
11 Broadway, Suite 615
New York, NY   10004
o: (212) 401-6910
e: bg@gottesmanlegal.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAURICE WILLIAMS**,<br><br>                           Plaintiff,<br><br>~ *versus* ~<br><br>**MALIK DUPRI MORRIS**; *and*<br>**SWAG RAG LLC**,<br><br>                           Defendants. | Case No.  **1:23-cv-**_____ |

Comes now Plaintiff **MAURICE WILLIAMS** by and through Counsel, **BARUCH S. GOTTESMAN, ESQ.**, with their Complaint against the Infringing Defendants **MALIK DUPRI MORRIS** and **SWAG RAG LLC** and does respectfully allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to vindicate the Plaintiff's rights in **Swagg Rags**®, a Trademark registered with the USPTO (Registration No. 5797087), a leading brand in the Status Plus clothing line, and a trend setting accessory that has become a multi-use fashion statement.

2. For nearly a decade Swagg Rags® leading position in the towel accessory market allowed consumers in New York and around the county to rely on the Mark for its fashion forward sensibility and confidence in the quality of the product.

3. An excerpt from <htttps://www.statusplusfashions.com> showing the use of the bold use of the Mark as a logo and descriptive name of product is displayed here:



Illustration 1 – excerpt from <https://www.statusplusfashions.com>
(last checked January 6, 2023) showing use of Mark as logo and product descriptor.
A full screenshot of the website landing page is annexed as **Exhibit A**
and incorporated by reference in this Complaint.

- 3 -

4. As will be shown in this Complaint, the Infringing Defendants tried to exploit the Plaintiff's brand by filing a Pirate Trademark Application for "SWAG RAG", which the UPSO rejected *sua sponte* because of its likelihood of confusion with the Plaintiff's Mark.

5. Despite the rejection and the USPTO's determination that the Infringing Defendants' attempt to register "**SWAG WAG**" must fail because it was "essentially identical in sound, appearance, meaning and commercial impression [to Plaintiff's Mark] and thus the marks are confusingly similar"; and despite being duly served with two rounds of Notices to Cease and Desist, the Defendants have continued to knowingly and intentionally exploit the Plaintiff's protected Trademark for their financial benefit.

6. Every effort has been made to resolve this matter amicably. Infringing Defendants' obdurance has left Plaintiff with no option but to seek judicial intervention to enjoin the Infringing Defendants' ongoing violations, to order Infringing Defendants to disgorge their revenue from the pirate mark; to pay three times the damages to Plaintiff's sales; to impose statutory damages and fines, punitive damages, and legal fees under Federal and New York law.

## THE PARTIES

*i.   Plaintiff*

7. Plaintiff **MAURICE WILLIAMS** "**Plaintiff**" is a natural person resident at the County of Miami-Dade in the State of Florida.

8. Plaintiff is the sole owner and Registrant of Trademark Registration Number 5797087 shown here:



Illustration 2 - USPTO Trademark No. 5797087

9.  A complete, true and accurate copy of the TEAS Application for Swagg Rags® showing Plaintiff to be the sole owner and registrant of the Mark is annexed as **Exhibit B** and incorporated into this Complaint.

10. A complete, true and accurate screenshot of the TSDR system as of December 26, 2022 showing the current ownership of the Mark to be Plaintiff is annexed as **Exhibit C** and incorporated into this Complaint.

*ii.*  ***Defendants***

11. Defendant Swag Rag LLC is a Limited Liability Company organized and existing under New York law whose primary place of business, as identified to the New York Department of State is at Nassau County.

12. A complete, true and accurate copy of the New York State Department of State listing of Swag Rag LLC is annexed as **Exhibit D**.

13. Defendant **MALIK DUPRI MORRIS** ("**Dupri**") is a natural person resident at 710 7th Avenue, New Hyde Park in the County of Nassau in the State of New York.

14. In this Complaint, Swag Rag LLC and Dupri are sometimes referred to collectively as "Infringing Defendants" where appropriate.

### *iii.   Infringing Defendants' Co-Liability and Piercing the Corporate Veil:*

15.   Each of the Infringing Defendants face direct liability for their actions and failure to act, as described in this Complaint.

16.   Upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Swag Rag LLC had no independent existence: its sole owner, agent, employee and operator was Durpi, it operated solely through Dupri, and the corporate form was used by Dupri to intentionally and knowingly commit the torts described in this Complaint.

17.   Upon information and belief, at all times relevant to this Complaint, Dupri served as the sole corporate decision maker of Swag Rag LLC.

18.   The disregard of the corporate form and abuse of the corporate form for an illegal and fraudulent purpose by Durpi had a causal relationship to Plaintiff's damages because Dupri personally, knowingly and intentionally infringed on the Plaintiff's Trademark.

19.   Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants had express authority to act as each other's agents when they infringed the Plaintiff's Trademark and engaged in the wrongdoing and all other activities related to the allegations in this Verified Complaint.

20.   Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Infringing Defendants were under common control, were affiliates, parent and subsidiary companies, agents, representatives, co-venturers, and otherwise alter-egos of one another.

21. In addition, Infringing Defendants are in possession of the full information about their relationship with one another and co-liability. Plaintiff therefore respectfully reserves the right to seek leave, to the extent leave is required, to file an Amended Complaint further detailing the Parties' relationship and co-liability for the tortious activity described in this Complaint.

## JURISDICTION AND VENUE

22. This is an action for federal trademark infringement, and contributory infringement, and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1117 and 1125(a) and other relevant provisions of federal trademark law; as well as unfair competition under New York's common law.

23. This Court has subject matter jurisdiction over the dispute pursuant to 15 U.S.C. § 1121; as well as 28 U.S.C. §§ 1331, 1332 and 1338, and other relevant provisions of federal law.

24. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the accompanying New York law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

25. Infringing Defendants are subject to personal jurisdiction in the Eastern District of New York district, because they both reside in this District and direct their business activities at issue in this Complaint toward consumers within the State of New York and the Eastern District of New York, in particular. This direction of business activity includes but is not

limited to the advertisement, offering for sale, and selling of infringing products to consumers in New York and in the Eastern District of New York.

26.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants reside and are causing harm within this district.  Defendants have also transacted business in this District at issue in this Complaint including but not limited to the advertisement, offering for sale, and selling infringing products to consumers in New York and in the Eastern District of New York.

## FACTUAL BACKGROUND

*i.     Background and Trademark Registration of Swagg Rags®*

27.     As described in Black Pages Miami, the bible of the urban fashion industry in South Florida:

> "A Swagg Rag! is a blend of a terry towel and custom fabrics. It's one of the staple products of the Status Plus clothing line and is a trend setting product that's changing the way people wear their towels.  Swagg Rags uses innovation and style to give your every day outfit a fresh twist and amps up your basic towel into a versatile, multi-use fashion statement."
>
> "The concept developed after, creator Maurice Williams, purchased handpicked fabric and combined it with terry towel, sewn together as one piece to create a personal and stylish accessory."

Illustration 3 – Excerpt from BlackPagesMiami.  A complete, true and accurate copy of <https://www.blackpagesmiami.com/listing-item/swagg-rags-status-plus-fashions> is annexed as **Exhibit E** and incorporated into this Complaint.

28.     While the Plaintiff's vision had originally been developed decades ago, the Mark's first use in commerce was April 13, 2013.  *See* **Exhibit B**.

29. In 2018, the Plaintiff applied to register Swagg Rags®, which the USPTO granted on July 9, 2019 as shown here:



Illustration 3 – Registration Certificate No. 5,797,087 for Swagg Rags®

30. The Plaintiff's Trademark is used for an extensive fashion line marketed at statusplusfashions.com, as shown at Exhibit A, and through social media. Plaintiff has earned a social media following of thousands of keys influencers with passionate customers in South Florida and around the country. Examples of Plaintiff's social media presence is shown here:





Illustration 4 – Excerpts from https://www.instagram.com/statusplusfashions/ showing marketing with the Mark and samples of use.

31. Swagg Rags® was well known in the fashion industry and had become a staple of fashion culture in South Florida and around the county.

32. Plaintiff also markets and sells at https://swagragmerch.com/, a copy of whose landing page is annexed as **Exhibit F** and incorporated by reference here.

### ii.  *Defendants' Failed Attempt to Register Infringing Mark*

33. Despite the registration of Swagg Rags®, the Plaintiff's strong online presence under the Mark, and the well-known nature of the Plaintiff's intellectual property, in June 2020, the Defendants submitted to the USPTO what can only be characterized as a Pirate Trademark Application.

34. The Pirate Application sought to circumvent the Plaintiff's mark with the too-clever-by-half change in spelling as "**Swag Rag**".  A complete, true and accurate copy of the Defendants' rogue TEAS application with the USPTO is annexed as **Exhibit G** and incorporated by reference in this Complaint.

35. The Trademark Examining Attorney quite rightly found that the Pirate Application was "essentially identical in sound, appearance, meaning, and commercial impression [to Plaintiff's Mark] and thus the marks are confusingly similar." Examining Attorney Evelyn Kelley, NONFINAL OFFICE ACTION in Docket No. MAMO20.TM.01, Serial No. 88952711 (USPTO Sept. 13, 2020) *citing* Swiss Grill Ltd. v. Wolf Steel Ltd., 114 U.S.P.Q.2d 2001, 2011 n. 17 (TTAB 2015); Weider Publ'ns, LLC v. D & D Beauty Care Co., 109 U.S.P.Q.2d 1347, 1355 (TTAB 2014).

36. A complete, true and accurate copy of the September 13, 2020 Nonfinal Office Action denying the Pirate Application is annexed as **Exhibit H** and incorporated into this Complaint.

37. The Defendants amended the identification of their goods, but the USPTO issued a final rejection of the Pirate Application because "the overriding concern is not only to prevent buyer confusion as to the source of the goods, but to protect [Plaintiff] from adverse commercial impact due to use of a similar mark by a newcomer." Examining Attorney Evelyn Kelly, FINAL OFFICE ACTION in Docket No. MAMO20.TM.01, Serial No. 88952711 (USPTO Feb. 11, 2021) *citing* In re Shell Oil Co., 992 F.2d 1204, 1208, 26 U.S.P.Q.2d 1687, 1690 (Fed.Cir. 1993).

38. A complete, true and accurate copy of the February 11, 2021, Final Office Action denying the Defendants' Pirate Application is annexed as **Exhibit I** and incorporated into this Complaint.

39. Defendants did not appeal the Denial and the Pirate Application was abandoned.

### iii. *Defendants' Ongoing Infringement*

40. Despite the rejection of Defendants' application by the USPTO and the determination by the Examining Attorney pirate brand was "essentially identical in sound, appearance, meaning, and commercial impression [to Plaintiff's Mark]" and that the Defendants' mark was "confusingly similar", the Defendants persisted with their infringement.

41. A complete, true and accurate screenshot of the https://www.swagrag.com landing page is annexed as **Exhibit J** and incorporated by reference into this Complaint. It shows ongoing use of the Infringing Mark by the Defendants.

42. A complete, true and accurate screenshot of the head of the Instagram page at https://www.instagram.com/swagragofficial/?hl=en is annexed as **Exhibit K**. It shows ongoing use of the Infringing Mark by the Defendants.

### iv.  *Plaintiff's Attempts to Resolve Matter without Necessity for Judicial Intervention*

43. In the runup to the holiday shopping season, on December 2, 2022 the Plaintiff caused to be served on the Defendants a "Notice to Cease and Desist".

44. The Notice identified chapter and verse the basis for the demand that Defendants cease their infringing activity. This information included but was not limited to links and Exhibits of the specific infringement at issue, the specific use of the Mark being complained about, and the statutory basis under the Lanham act that made the Defendants' infringement actionable and subject to monetary damages. The Notice to Cease and Desist also provided an opportunity for the Defendants to cure by December 17, 2022.

45. A complete, true and accurate copy of the Notice to Cease and Desist is annexed as **Exhibit L** and incorporated by reference in this Complaint. Complete, true and accurate copies of Affidavits of Service of the Notice to Cease and Desist on both Defendants is annexed as **Exhibit M** and incorporated by reference in this Complaint.

46. Defendants received the Notice to Cease and Desist. A complete, true and accurate copy of an Instagram private message (PM) conversation between the Plaintiff and Dupri is annexed as **Exhibit N** and incorporated into this Complaint. In their Instagram private

message conversation, Infringing Defendants acknowledge receipt of the Notice to Cease and Desist, admit that they have engaged in infringing activity, and claimed that the Infringing Defendants would quickly comply with the demand in the Notice to Cease and Desist.

47. With the Christmas, New Year, and 春节 (Lunar Spring Festival) shopping seasons largely over, with the Defendants having admitted that they "[]definitely understand how [their] business may effect [Plaintiff's]" (*See* **Exhibit N**), the Defendants have elected to persist in their infringement.

48. In one last attempt to obtain Defendants' compliance without judicial intervention, the Plaintiff caused to be served on the Defendants a second "Notice to Cease and Desist" on December 26, 2022 that included a draft copy of this Complaint and directed the Defendants how to comply.

49. As of the of this Complaint, the infringing websites and social media presence are live; and the Defendants continue to engage in violation of the Plaintiff's intellectual property in violation of Federal, New York and other relevant law.

## First Cause of Action
### Lanham Act – Counterfeiting and Infringement

50. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 49, as if they were fully set forth here.

51. This is an action for trademark infringement against Defendants based on their use of counterfeit and confusingly similar imitations of goods bearing the Swagg Rags® Mark in commerce in connection with the promotion, advertisement, distribution, sale and offering for sale of the Infringing Goods.

52. Infringing Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least, towel accessories, durags and other fashion items that infringe on Plaintiff's Mark. Infringing Defendants are continuously infringing the Plaintiff's Mark by using "Swag Rag" to advertise, promote, and sell towel accessories, durags and other fashion items (referred to in this Complaint as the "Infringing Goods").

53. Infringing Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Infringing Goods.

54. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark as their application to the USPTO to register "Swag Rag" had specifically been rejected because of its infringement of the existing Swagg Rags® Mark.

55. Plaintiff gave notice to the Infringing Defendants of its infringing activities in the Notice to Cease and Desist letter shown at Exhibit L (with Affidavits of Service of the Cease and Desist Letter shown at Exhibit M).

56. After the Notice to Cease and Desist letter was served, the Defendants acknowledged that they were in violation of the Plaintiff's rights as shown at Exhibit N.

57. Plaintiff gave further notice to the Infringing Defendants of its infringing activities in the Second Notice to Cease and Desist shown at Exhibit O.

58. Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

59. The actions described above, including the knowing and willful continued use of the infringing mark constitute counterfeiting and infringement of the Plaintiff's Mark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

60. Plaintiff has suffered and will continue to suffer irreparable injury due to Defendants' above-described activities if Defendants are not permanently enjoined from their violations.

61. Absent the entry of a temporary and permanent injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## Second Cause of Action
## Lanham Act – False Designation of Origin

62. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 61, as if they were fully set forth here.

63. Infringing Defendants' infringing Goods offered for sale and sold using Plaintiff's Mark have been widely advertised and distributed throughout the United States.

64. Infringing Defendants offered for sale and sold inferior products using the Plaintiff's Mark in a manner that the Examining Attorney concluded was "confusingly similar".

65. Infringing Defendants' Counterfeit and Infringing Goods are different and of inferior quality to the Plaintiff's authentic product.

66. Infringing Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods.

67. Infringing Defendants have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff and in violation of the Lanham Act and other provisions of Federal and New York law.

68. Infringing Defendants engaged in and authorized others to engage in infringing uses of the Plaintiff's Mark, in Infringing Defendants' advertisement, websites, social media and/or other promotion of their Infringing Goods marketed and branded with Plaintiff's Mark.

69. Infringing Defendants misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing goods.

70. Infringing Defendants above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and other relevant provisions of Federal and New York law.

71. Infringing Defendants had actual knowledge of the Plaintiff's ownership of the Mark as their application to the USPTO to register "Swag Rag" had been rejected *specifically* because of its infringement of the existing Swagg Rags® Mark.

72. Plaintiff gave notice to the Infringing Defendants of its counterfeiting and infringing activities in the Notice to Cease and Desist letter shown at Exhibit L (with Affidavits of Service of the Cease and Desist Letter shown at Exhibit M).

73. After the Notice to Cease and Desist letter was served, the Infringing Defendants acknowledged that they were in violation of the Plaintiff's, *See* Exhibit N.

74. Plaintiff gave further notice to the Infringing Defendants of their violations in a second Notice to Cease and Desist shown at Exhibit O.

75. Infringing Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

76. Plaintiff has suffered and will continue to suffer irreparable injury due to Infringing Defendants' above-described activities if they are not permanently enjoined.

77. Absent the entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**Third Cause of Action**
**Common Law Unfair Competition**

78. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in Paragraphs 1 – 77, as if they were fully set forth here.

79. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of Infringing Goods bearing a Mark which the USPTO found to be "essentially identical in sound, appearance, meaning, and commercial impression [to Plaintiff's Mark] and thus the marks are confusingly similar."

80. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing Infringing Goods using the Swagg Rags® Mark.

81. Infringing Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general

consuming public as to the origin and quality of Infringing Defendants' products by their use of the Swagg Rags® Mark.

82. Plaintiff has no adequate remedy at law and is suffering irreparable injury as a result of the Infringing Defendants' actions.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Plaintiff respectfully prays for a judgment by this Court for the following relief:

A. Temporarily and permanently restraining Infringing Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever Swagg Rags® Trademark or any colorable imitation or confusingly similar Mark;

B. Requiring Infringing Defendants to deliver up to the Court for destruction, or to show proof (upon the oath of Defendants made subject to penalty of perjury) of said destruction, any and all items which bear or depict in any manner Swagg Rags® mark or any colorable imitation or confusing similar Mark;

C. Directing the Infringing Defendants to recall from any and all channels of distribution any products bearing any matter or materials in violation of any injunction entered herein or bearing or depicting the Swagg Rags® mark or any colorable imitation or confusing similar Mark;

D. Awarding to Plaintiff its actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Infringing Defendants complained of herein, including statutory fees and legal fees to the extent permitted by law in an amount of not less than two million

dollars ($2,000,000.00), and exemplary damages;

E. Awarding Plaintiff prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

F. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this 6th day of January 2023

RESPECTFULLY SUBMITTED

*[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL
11 Broadway, Suite 615
New York, NY   10004
o: (212) 401-6910
e: bg@gottesmanlegal.com
*Attorney for Plaintiff*