

**Baruch S. Gottesman**
Attorney and Counselor at Law

December 26, 2022

**Via Overnight Mail and**
**Dropbox Link through Instagram to:**
Malik Dupri Morris
710 7th Avenue
New Hyde Park, NY 11040

Swag Rag LLC
c/o LegalInc Corporate Services Inc.
1967 Wehrle Drive, Suite 1 #086
Buffalo, NY 14221
        **ATTN**: Malik Dupri Morris, *Managing Member*

**Courtesy Copied via**
**e-mail to <andrew@morabitolawoffice.com>**
Morabito Law Office
117 West Commercial St.
P.O.Box 187
East Rochester, NY 14445
        **ATTN:** Andrew G. Morabito, Esq.

<mark>**PERSONAL AND CONFIDENTIAL**</mark>

        Re: <u>Willams v. Morris and Swag Rag LLC, 0:22-cv-00000 (E.D.N.Y.)</u>

Colleague:

## A. <u>Introduction</u>:

        I am reaching out to Swag Rag LLC and Mr. Dupri Morris directly because I do not know whether these parties have counsel in the matter of <u>Williams v. Morris and Swag Rag LLC</u>, 0:22-cv-0000 (E.D.N.Y.) to be filed this week at the Eastern District of New York if are unable to resolve this dispute. To the extent that Mr. Morris, Swag Rag LLC, or any of their responsible officers have litigation counsel to handle this matter, please forward this Letter to them immediately. As a courtesy, I have copied Counsel Morabito listed as Attorney of Record in the failed registration of "Swag Rag" with the USPTO (Serial No. 88952711).

Letter to Malik Dupri Morris and Swag Rag LLC
Re: Williams v. Morris and Swag Rag LLC, 0:22-cv-0000 (E.D.N.Y.)
December26, 2022
Page 2 of 6

My office has the honor to represent Maurice Williams, the registrant of the Swagg Rags® Mark with the USPTO under Registration Number 5797087, whose intellectual property and other rights you have knowingly, intentionally and willfully violated.

I have the unfortunate responsibility to notify you of my client's intent to bring an action for Trademark Infringement under the Lanham Act and Unfair Competition under New York law arising out of your violations of my client's trademark.

This letter will request a complete copy of your complete file on all sales conducted under the "Swag Rag" and any similar or confusingly similar marks, and where those funds are currently deposited. This letter will also direct you to consult with your counsel on your obligation to preserve potentially relevant evidence. This letter will also invite the parties to discuss a roadmap to a potential resolution between the parties before we file the annexed lawsuit on Friday, December 30, 2022, at noon if a resolution is not reached.

**B.**    **Factual and Procedural Background**

The annexed Complaint to be filed this Friday provides a full background to the factual and procedural background of this case. We will outline the allegations here in broad strokes and direct you to the Complaint and its Exhibits for the specifics.

**(a.)    Background and Trademark Registration of Swagg Rags®**

Paragraphs 27 through 33 (and Exhibits A – F) of the Complaint provide background to the Swagg Rags® mark, its use in commerce for almost a decade and the reputation that it has earned. Registration Certificate No. 5,797,087 granted Plaintiff exclusive use of the Mark for certain categories of clothing, as shown at Paragraph 29 of the Complaint.

**(b.)    Defendants' Failed Attempt to Register Infringing Mark**

Paragraphs 34 to 39 of the Complaint review in detail your failed attempt to register an infringing mark under the name "Swag Rag".

The Complaint cites the conclusion by the Trademark Examining Attorney in the failed attempt to register the infringing mark, who found "Swag Rag" to be "essentially identical in sound, appearance, meaning, and commercial impression [to Plaintiff's Mark] and thus the marks are confusingly similar." Examining Attorney Evelyn Kelley, NONFINAL OFFICE ACTION in Docket No. MAMO20.TM.01, Serial No. 88952711 (USPTO Sept. 13, 2020) *citing* Swiss Grill Ltd. v. Wolf Steel Ltd., 114 U.S.P.Q.2d 2001, 2011 n. 17 (TTAB 2015); Weider Publ'ns, LLC v. D & D Beauty Care Co., 109 U.S.P.Q.2d 1347, 1355 (TTAB 2014).

Letter to Malik Dupri Morris and Swag Rag LLC
Re: Williams v. Morris and Swag Rag LLC, 0:22-cv-0000 (E.D.N.Y.)
December26, 2022
Page 3 of 6

Under 15 U.S.C. § 1115(a), the Registration of Swagg Rags® is prima facie evidence of the validity of the Mark and the Plaintiff's exclusive right to use the Mark in commerce and in connection with the goods specified in the Registration. The Examining Attorney's rejection of the application is further evidence that Plaintiff's rights have been infringed – and that the infringement was knowing, intentional and willful.

### (c.) Defendants' Ongoing Infringement

Paragraphs 41 through 43 of the Complaint show that the infringement is ongoing; and that Defendants are doing so knowingly, intentionally and willfully.

### (d.)    Damages

Under the Lanham Act, my clients are entitled to an immediate injunction against the continued use of the infringing mark, as well as treble actual damages suffered by the infringement in an amount to be determined at trial. New York law also provides for punitive damages.

The Lanham Act provides that the infringer must also pay legal fees and – given the knowing, intentional and willful nature of the infringement at issue in this case – a penalty in an amount not more than two million dollars ($2,000,000.00.).

Letter to Malik Dupri Morris and Swag Rag LLC
Re: Williams v. Morris and Swag Rag LLC, 0:22-cv-0000 (E.D.N.Y.)
December26, 2022
Page 4 of 6


**C.**        <u>**Relief Requested**</u>

**(a.)    Immediate Compliance,
an Account of the Infringement and Legal Fees**

The Plaintiff again demands immediate compliance with the demands in the Notice to Cease and Desist, including an accounting of all sales under the Infringing Mark, disgorgement of all revenue from the infringing mark, legal fees and other rights they are entitled to under Federal and New York law.


**(b.)    Invitation to Resolve Matter Amicably**

This section is not intended as a formal offer.  Any settlement will only be offered and accepted in a writing signed by both parties.

My client invites you to propose a reconciliation at the opening of business on this coming Friday, December 30, 2022.  The offer shall include immediate cessation of further infringement, the transfer of all infringing websites and social media properties to the Plaintiff, the payment of legal fees for the preparation of the Complaint in the amount of $5,000.00; and the execution of a settlement that contains fair compensation for sales through the infringing Mark.

If we do not receive that offer or cannot agree to terms by Friday morning, then at noon I will file the annexed Complaint and when courts reopen in the new year apply for a preliminary injunction to prevent further infringement.  If that's the route we go down, them please have your litigation counsel be in touch with me to discuss presentment and briefing on the Motion for a preliminary injunction.

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

*[Remainder of Page Intentionally Left Blank]*

Letter to Malik Dupri Morris and Swag Rag LLC
Re: Williams v. Morris and Swag Rag LLC, 0:22-cv-0000 (E.D.N.Y.)
December26, 2022
Page 5 of 6

### D.   <u>Your Obligations</u>

My client remains hopeful that this can be resolved on the terms described above in Section C(b.).  However, given the pending litigation arising out of this matter, I must respectfully remind your clients of their obligation to preserve evidence.

**THEREFORE** Notwithstanding any other office procedures or scheduled system maintenance, Defendants including all their related and associated officers, directors, agents, employees, investors and other responsible parties; as well as all the individuals and companies that they control and with which they are affiliated are hereby notified to preserve all electronically stored information, copies and backups, as defined by Florida, New York and United States Federal Discovery Rules; as well as hard copies of all relevant documents.  I am confident that as counsel you will advise your clients on the steps you are required to take to preserve this data since you have an obligation to preserve relevant evidence.

Counsel should specifically advise the Defendants on their obligation to preserve Electronically Stored Information which may include computer files, e-mail backups, Whatsapp messages, Slack/Telegram channels, and social media postings and messages including direct messages, shopify messaging, and other means of communication.

**In addition, even if the Defendants claim attorney-client or any other privilege over any information or data, they still have an obligation to preserve all documentation and communication including the use of counsel to retaliate against my clients.  If attorney-client privilege issues are raised later, they can be resolved by the Court, but the communications must be preserved.**

*[Remainder of Page Intentionally Left Blank]*

Letter to Malik Dupri Morris and Swag Rag LLC
Re: Williams v. Morris and Swag Rag LLC, 0:22-cv-0000 (E.D.N.Y.)
December 26, 2022
Page 6 of 6

E.       <u>Conclusion</u>

Please note that except for Section (D) and Section (C)(1), this letter is sent to you for settlement purposes only and is not intended as an admission of any matter. In addition, my demand for a Litigation Hold is not a waiver of any and all rights to which my client is entitled.

Further, this letter is not intended as a complete description of the facts and circumstances and my client expressly reserves the right to supplement, amend and otherwise add or change the information in this letter as more information becomes available to them.

Your counsel can reach me by phone at (212) 401-6910 or at e-mail: bg@gottesmanlegal.com or baruchgottesman@gmail.com to coordinate resolution of this matter and/or the presentment of the motion for a preliminary injunction.

RESPECTFULLY SUBMITTED,

By: _____
Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
185-12 Union Turnpike
Fresh Meadows, NY 11366
o: (212) 401-6910
e: bg@gottesmanlegal.com
*Attorney for Plaintiff*