

**Baruch S. Gottesman**
Attorney and Counselor at Law

January 11, 2023

**Via ECF**

The Hon. District Judge Gary R. Brown
United States District Court for the
Eastern District of New York
100 Federal Plaza, Courtroom 940
Central Islip, NY  11722-9014

> Re:   Request for Pre-Motion Conference (Preliminary Injunction)
>        Williams v. Dupri Morris, et al.,
>        Index No. 2:23-cv-104-GRB-ST (EDNY)

Your Honor:

## I.      Introduction

I have the honor to represent **Plaintiff Maurice Williams**, the registrant of the *Swagg Rags*® mark in the matter of Williams v. Dupri Morris, et al., Index No. 2:23-cv-104-GRB-ST (EDNY).  Pursuant to Rule II(f)(I) of His Honor's Individual Practice Rules, this Letter respectfully **requests a pre-Motion Conference** on my client's **Motion for a Preliminary Injunction**.

## II.     Procedural Background

On December 2, 2022, immediately upon learning of the Defendants' trademark infringement, the Plaintiff sent Defendants a Notice to Cease and Desist infringement (DE 1-12). Plaintiff tried again to amicably resolve the dispute between the Parties by sending a second Notice to Cease and Desist on December 26, 2022 notifying the Defendants that a suit would be filed if they persisted with their infringement (DE 1-15).  Defendants refused to comply.

Left with no option, the Plaintiff filed suit on January 6, 2023 (DE 1) and upon issuance of the Summonses on January 9, 2023 (DE 7) ordered service of process which should be complete this week.  Upon the assignment of the Judge (Text Entry 01/09/23), my client now moves for an Order for a Preliminary Injunction that the Defendants cease their infringement.

## III.    Argument

To obtain a preliminary injunction, the movement must demonstrate:

"(1) irreparable harm absent injunctive relief;

"(2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and

"(3) that the public's interest weighs in favor of granting an injunction."

Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011).  We address these elements starting with "likelihood of success" because it anchors the other elements.

New York Office • 185-12 Union Turnpike, Fresh Meadows, NY 11366
New Jersey Office • 9 Maplewood Terrace, Lakewood, NJ 08701
Phone: 718.454.4422 • eFax: 212.859.7307 • www.gottesmanlegal.com

a. <u>Likelihood of Success on Lanham Act Infringement Claim</u>

In the Second Circuit, to establish a Lanham Act infringement claim, Plaintiff: "must establish (1) that 'the plaintiff's mark is entitled to protection,' and (2) that 'defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods'" <u>Guru Teg Holding, Inc. v. Maharaja Farmers Mkt., Inc.</u>, 581 F.Supp. 3d 460 (E.D.N.Y. Aug. 2, 2033)(Brown, District Judge Gary R.) citing <u>Virgin Enterprises Ltd. v. Nawab</u>, 335 F.3d 141, 146 (2d Cir. 2003).

Plaintiff's years of public use of the Mark, and the incontestability provisions of 15 U.S.C. § 1115(b), conclusively establish that the Plaintiff's mark is entitled to protection.  The determination by the USPTO (DE 1-8, 1-9) and the objectively substantiated factual allegations in the Complaint establish each of the eight "Polaroid" factors.  *See* <u>Polaroid Corp. v. Polarad Elecs. Corp.</u>, 287 F.2d 492 (2d Cir. 1961); <u>Starbucks Corp. v. Wolfe's Borough Coffee, Inc.</u>, 588 F.3d 97 (2d Cir. 2009).  If a pre-motion conference is held or briefing is allowed, we will explain how the undisputed allegations in the Complaint establish each of the <u>Polaroid</u>/<u>Starbucks</u> factors.

b. <u>Irreparable Harm</u>

This Court has confirmed that under the 2020 Trademark Modernization Act, "a plaintiff seeking a preliminary injunction is entitled to a rebuttable presumption of irreparable harm upon a court's finding a likelihood of success on the merits." <u>Guru Teg</u>, 581 F.Supp. 3d at 469 *citing* <u>Two Hands IP LLC v. Two Hands Am., Inc.</u>, 563 F. Supp. 3d 290, 300 (S.D.N.Y. 2021)(Koetl, District Judge John G.); 15 U.S.C. § 1116(a).  This presumption is not rebuttable here, because the Plaintiff did not delay in sending Notices to Cease and Desist, filing suit, and now moving for a preliminary injunction, *Contrast* <u>Christmas House U.S. Inc. v. Christmasland Experience LLC</u>, 22-cv-7691, 2022 U.S.Dist LEXIS 231799 (Dec. 22, 2022)(Brown, District Judge Gary R.)(finding a month to be a delay sufficient to rebut presumption of harm, where the product was *exclusively* seasonal).

c. <u>Public Interest Tips in Plaintiff's Favor because of Defendants' Willful Infringement</u>

The Plaintiff knowingly and willfully violated the Defendants marks.  As described in the Complaint, the Defendant's pirate trademark application for "Swag Rag" was rejected by the USPTO because it was "essentially identical in sound, appearance, meaning, and commercial impression [to *Swag Rags*®] and thus the marks are confusingly similar" Comp. ¶ 36, DE 1-8.  That rejection, the Defendants' admission that they "[]definitely understand how [their] business may effect [Plaintiff's]" (DE 1-14), and the two unsuccessful Notices to Cease and Desist, conclusively show the infringement was willful.

For these reasons, Plaintiff respectfully requests a pre-motion conference on their intended Motion for an Injunction that the Defendants cease their infringement.

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq